SHOOK, HARDY & BACON L.L.P.
Rachel A. Straus (SBN 268836)
rstraus@shb.com
Megan Moran (SBN 356357)
mmoran@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: 424.285.8330
Fax: 424.204.9093

Elisabeth A. Hutchinson (*pro hac vice*)
ehutchinson@shb.com
16600 17th Street, Suite 450
Denver, CO 80202
Tel: 303.285.5337

Attorneys for Defendant
Peet's Coffee, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SAL MUNOZ, an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

PEET'S COFFEE, INC.

Defendant.

Case No. 3:26-cv-00499-EMC

**DEFENDANT PEET'S COFFEE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Hearing Date: July 16, 2026
Hearing Time: 1:30 pm
Judge: Hon. Edward M. Chen
Courtroom: 5

Complaint Filed: January 16, 2026

# TABLE OF CONTENTS


Page

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Plaintiff Fails to Allege a Concrete Injury Sufficient to Confer Standing ........ 1

i. Plaintiff does not allege a highly offensive intrusion. ........ 1

ii. Plaintiff does not otherwise allege a concrete injury. ........ 3

B. Plaintiff Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard ........ 5

C. Plaintiff Fails to State His Claims ........ 6

i. Plaintiff does not identify the requisite highly offensive intrusion to state his invasion of privacy and intrusion upon seclusion claims ........ 6

ii. Plaintiff's CIPA Section 631 claim fails. ........ 7

iii. Plaintiff's Section 638.51 claim fails ........ 10

1. The pen register statute does not apply to Plaintiff's claims. ........ 10

2. Plaintiff consented to the recording of his IP address and basic device metadata. ........ 12

iv. Plaintiff fails to state a claim for common law fraud, deceit, and/or misrepresentation. ........ 12

v. Plaintiff fails to state a claim for unjust enrichment. ........ 13

D. Alternatively, the Court should dismiss Plaintiff's nationwide allegations ........ 14

III. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balabbo v. Wildflower Brands, LLC*,
No. 25STCV20971, 2026 WL 1122773 (Cal. Super. April 6, 2026) .....11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .....10, 13

*Benjamin Paul de Aryo, et al. v. Inspire Brands, Inc.*,
No. 25-cv-03645-AGT, 2026 WL 1653483 (N.D. Cal. June 8, 2026) .....9

*Blake v. Dierdorff*,
856 F.2d 1365 (9th Cir. 1988) .....5, 6

*Boulton v. Community.com, Inc.*,
No. 23-3145, 2025 WL 314813 (9th Cir. Jan. 28, 2025) .....10

*Brian Blaker v. Netscout Systems, Inc.*,
No. 25STCV31283 (Cal. Super. May 27, 2026) .....11

*Brooks v. Thomson Reuters Corp.*,
No. 21-CV-01418-EMC, 2021 WL 3621837 (N.D. Cal. Aug. 16, 2021) .....6

*Byars v. Tire*,
654 F. Supp. 3d 1020 (C.D. Cal. 2023) .....8

*Cholakyan v. Mercedes-Benz USA, LLC*,
796 F. Supp. 2d 1220 (C.D. Cal. 2011) .....15

*D'Angelo v. Penny Opco*,
No. 23-cv-0981-BAS-DDL, 2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) .....9

*D'Antonio v. Smith & Wesson Inc.*,
820 F. Supp. 3d 928 (N.D. Cal. 2026) .....8

*DeLeon v. Wells Fargo Bank, N.A.*,
No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011) .....13

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) .....13

*Eclectic Props. East, LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) .....13

*In re Facebook, Inc. Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) .....3, 5

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ....................................................................................4, 6

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) ......................................................................................5

*Garcia v. Blackhawk Network, Inc.*,
No. 2:25-CV-07550-JLS-SSC, 2026 WL 925028 (C.D. Cal. Apr. 1, 2026) ......................3, 4, 7

*In re Google, Inc. Privacy Policy Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ........................................................................................7

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ......................................................................................6

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .............................13, 14

*Hughes v. Apple, Inc.*,
No. 22-CV-07668-VC, 2024 WL 4828072 (N.D. Cal. Nov. 18, 2024) .................................14

*James v. Walt Disney*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) ......................................................................................15

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........................................................................................6

*Konop v. Hawaiian Airlines, Inc.*,
302 F. 3d 868 (9th Cir. 2002) ...............................................................................................9, 10

*Mazza v. Am. Honda Motor Co.*,
666 F. 3d 581 (9th Cir. 2012) ...................................................................................................15

*Microsoft Corp. v. Baker*,
582 U.S. 23 (2017)..................................................................................................................15

*Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*,
31 F. 4th 651 (9th Cir. 2022) ...................................................................................................15

*Ortiz v. Deckers Outdoor Corp.*,
No. 25-cv-09631-FRL, 2026 WL 1243675 (N.D. Cal. May 6, 2026)....................................10

*Ortiz v. Foris Dax, Inc.*,
No. 25-CV-08950-EMC, 2026 WL 1430720 (N.D. Cal. May 21, 2026)........................ *passim*

*Pernell v. City of Los Angeles*,
650 F. Supp. 3d 910 (C.D. Cal. 2022) ...........................................................................4, 5, 14

*PSM Holding Corp. v. Nat'l Farm Fin. Corp.*,
884 F.3d 812 (9th Cir. 2018) ...................................................................................................11

*Reuters News & Media, Inc. v. Superior Court*
(6th Dist.) ....................................................................................................................11

*Rodriguez v. Ink Am. Int'l Grp. LLC*,
No. 2STCV15350, 2025 WL 4034985 (Cal. Super. Ct. Jan. 28, 2025)...................................11

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ........................................................................................12

*Shah v. Talentbridge, Inc.*,
No. 2:26-CV-00222-AH-SSCX, 2026 WL 1507888 (C.D. Cal. May 28, 2026).............2, 3, 12

*Sisti v. Bosley Inc.*,
No. 2:25-CV-10669-JFW-DFMx, 2026 WL 1223927 (C.D. Cal. Apr. 27, 2026) ................3, 4

*United States v. Jones*,
565 U.S. 400 (2012) (Sotomayor, J., concurring).............................................................6

*In re USA Today Co., Inc. Internet Tracking Litig.*,
No. 24-cv-05150-MMC, 2026 WL 932655 (N.D. Cal. Apr. 6, 2026).......................................2

*Variety Media, LLC v. Superior Court*
(2d Dist.) ....................................................................................................................11

*In re Wal-Mart Stores, Inc.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ........................................................................................15

*Walsh v. Dollar Tree Stores, Inc.*,
No. 25-cv-01601-SVK, 2025 WL 2939229 (N.D. Cal. Oct. 16, 2025)...............................9, 13

*Wiley v. Universal Music Grp., Inc.*,
No. 25-CV-03095-PCP, 2025 WL 3654085 (N.D. Cal. Dec. 17, 2025) ...................................8

**Statutes**

Cal. Civ. Code §§ 1798.100, *et seq.*..............................................................................11

Cal. Penal Code § 631 ...............................................................................................7, 8, 9, 10

Cal. Penal Code § 638.51 ...........................................................................................10, 11, 12

**Other Authorities**

Fed. R. Civ. P. 8 ...................................................................................................10, 13

Fed. R. Civ. P. 9 ...................................................................................................5, 6, 13

Fed. R. Civ. P. 23 .................................................................................................14, 15

U.S. Const. art. III .................................................................................................1, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition confirms that this case should be dismissed. Despite his attempts to reframe his allegations, the Complaint controls and Plaintiff does not allege that Peet's collected, disclosed, or monetized any sensitive or personally identifiable information about him, let alone that he suffered a concrete injury as a result. Rather, Plaintiff alleges only that he visited Peet's public website, searched for menu items, and entered his zip code to locate a nearby store. Those routine interactions do not give rise to Article III standing, nor do they support Plaintiff's substantive claims.

The opposition relies heavily on speculation about what third-party cookies *might* collect, but it never bridges the critical gap between speculation and factual allegations. Plaintiff does not allege that any sensitive data or "contents" were collected about him based on his alleged interactions with the Peet's website, that any such data was disclosed or read in transit, or that any such disclosure caused him harm. Courts in this District—including this Court—have repeatedly rejected materially indistinguishable allegations for precisely these reasons. Plaintiff's attempt to distinguish that authority by invoking hypothetical data collection or generalized privacy concerns only underscores the deficiency of his pleadings.

For lack of standing or failure to state a claim, the Complaint should be dismissed in full.

## II. ARGUMENT

### A. Plaintiff Fails to Allege a Concrete Injury Sufficient to Confer Standing

#### i. Plaintiff does not allege a highly offensive intrusion.

In his opposition, Plaintiff claims he has alleged a concrete harm because the Peet's website "allowed" and "enabled" third parties to collect "individualized data—including likes, interests, and habits." (ECF No. 22 ("Opp.") at 5-6 (emphasis omitted).) But Plaintiff ignores the key deficiency in his Complaint: he fails to allege technologies allegedly deployed on Peet's website actually collected such information *about him*. Plaintiff's personal interactions with the website—searching for local menu offerings and entering his zip code to do so—do not implicate the type of sensitive information that gives rise to a legally protected privacy interest. Rather, "[f]or purposes of a privacy claim, 'a concrete injury arises only where the alleged harm involves personal information,' *i.e.*,

information the disclosure of which 'would be highly offensive to a reasonable [person].'" *In re USA Today Co., Inc. Internet Tracking Litig.*, No. 24-cv-05150-MMC, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) (citations omitted). The allegations here do not fit the bill.

This Court recently dismissed materially similar allegations brought by the same plaintiff's counsel, where the plaintiffs alleged only that cookies *could* collect information such as "products added to a shopping cart" and geolocation. *Ortiz v. Foris Dax, Inc.*, No. 25-CV-08950-EMC, 2026 WL 1430720, at *1, *4 (N.D. Cal. May 21, 2026).[1] In *Ortiz*, plaintiffs claimed that they visited defendant's website "to obtain information about trading, crypto assets, including pricing, and Defendant's credit card offerings." *Id.* at *4. Like Plaintiff, they allegedly disabled third-party cookies through the cookie banner and claim that the defendant nevertheless placed cookies before and after their selection. *Id.* at *1. The Court held that, despite claims that defendant surreptitiously tracked activities on its website, plaintiffs failed to allege an "egregious breach of social norms." *Id.* at *4 (citation omitted). While plaintiffs alleged the cookies could track actions on the website and link that information to other online activity, any "new or additional information provided by [defendant's] cookies . . . relate[d] only to information learnable from the user's activities on the website itself." *Id.* And, as here, the plaintiffs' interactions with the defendant's website implicated only non-sensitive data. *Id.* The Court explained that "other categories of information that Plaintiffs claim the cookies can collect"—i.e., sensitive information—"[were] only hypothetical without allegations that plaintiffs took those actions." *Id.*

The same result is true here. As the Court made clear, a website visitor's interactions with a cookie banner are not enough to rise to the level of a highly offensive intrusion absent allegations "that the tracking continued after the plaintiffs stopped using the defendant's services." *Id.* Accordingly, "[w]here a company tracks limited information on its own website and discloses it to third parties, courts in this district have found that the intrusion does not meet the 'high bar' to be highly offensive." *Id.*; *see also Shah v. Talentbridge, Inc.*, No. 2:26-CV-00222-AH-SSCX, 2026

[1] Although the defendant in *Ortiz* did not challenge standing, the same principles that led to dismissal of plaintiffs' invasion of privacy claim on the merits apply to the standing analysis here. *See id.* at *3 ("To successfully plead the second element of a privacy invasion, the intrusion in question must be '"highly offensive" to a reasonable person.'" (citation omitted)).

WL 1507888, at *3 (C.D. Cal. May 28, 2026) (same, where defendant allegedly disclosed search for "felony-friendly job opportunities or jobs with no background checks" on public website, despite plaintiff allegedly rejecting third-party cookies, because the information "concern[ed] how Plaintiff interacted with Defendant's website, rather than his private, personally identifying information").

The facts here are even farther removed from an egregious breach of social norms than *Ortiz* or *Shah*—Plaintiff claims only that technology on Peet's website captured his search for cold brew smoothies in the entered zip code. Plaintiff does not allege that he entered any sensitive or personally identifying information on Peet's website, or that Peet's continued to track him after he left the Peet's website. Allegations of misrepresentation alone is not enough when the information collected is not "especially sensitive," like health or financial information, and the scope of the data collection is not "so broad," such as tracking a Plaintiff's activity across other websites. *Garcia v. Blackhawk Network, Inc.*, No. 2:25-CV-07550-JLS-SSC, 2026 WL 925028, at *5 (C.D. Cal. Apr. 1, 2026).

In short, Plaintiff fails to allege a highly offensive intrusion sufficient to confer standing and the case should be dismissed for lack of subject matter jurisdiction.

**ii. Plaintiff does not otherwise allege a concrete injury.**

Plaintiff's other theories of harm do not confer standing.

***First,*** as to his claim of devaluation of his personal information, Plaintiff effectively concedes he does not allege the existence and impairment of a market for his personal information. He attempts to justify this omission by asserting—without any supporting authority—that such a requirement applies only in data breach cases. (*See* Opp. at 8-9.) But courts in this Circuit consistently require such a showing any time a plaintiff relies on a diminution-in-value theory of injury, including in cases like this one involving website technologies. *See, e.g.*, *Sisti v. Bosley Inc.*, No. 2:25-CV-10669-JFW-DFMx, 2026 WL 1223927, at *4 (C.D. Cal. Apr. 27, 2026) (plaintiff lacked standing in a website pixel case "[b]ecause [he] d[id] not allege that he has ever sold [the subject] data in the past or intends to sell it in the future"); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019) (plaintiffs lacked standing because they "d[id] not plausibly allege that they intended to sell their non-disclosed personal information to someone else . . . [or] that someone else would have bought it as a stand-alone product").

Plaintiff also does not dispute his failure to allege a market for his purported search for local menu offerings and zip code, or that this information has diminished in value, renders his alleged injury "purely hypothetical and insufficient to confer standing." *Sisti*, 2026 WL 1223927, at *4. Instead, he simply claims this "is not the only or even the primary type of harm" he alleges. (Opp. at 9.) Plaintiff's failure to substantively respond to either argument directed at his diminution-in-value theory constitutes waiver of that theory in its entirety. *See Pernell v. City of Los Angeles*, 650 F. Supp. 3d 910, 933 (C.D. Cal. 2022) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (alteration in original) (citation omitted)).

***Second,*** in defense of his allegation that he was deprived of the right to control dissemination of his personal information, Plaintiff claims—for the first time in his opposition—that Peet's "caused tracking beyond its own Website." (Opp. at 9). This assertion is both unsupported by Plaintiff's own allegations and inaccurate. Peet's does not—and cannot—control third parties' activities outside its own public website. Indeed, Plaintiff alleges third parties—not Peet's—aggregate visitor data across websites and build visitor profiles. (*See* Opp. at 9; ECF No. 1 ("Compl.") ¶ 5).[2] Addressing similar allegations, this Court explained in *Ortiz* that "it cannot be said that [*the defendant*] continued to track [plaintiff]," even if he "likely remained within the data-tracking ecosystem of third-parties like Google." 2026 WL 1430720, at *4; *see also Garcia*, 2026 WL 925028, at *5 ("At best, the FAC alleges that Defendant's conduct amounted to informing a third party about Plaintiff's interactions with its website. This argument is not sufficient to show that Defendant caused any injury Plaintiff may have suffered as a result of visitor data aggregated by those third parties.").

In any event, the cases Plaintiff relies on involve materially different facts. *See In re*

[2] (*See also* Compl. ¶¶ 3, 31 (alleging that Peet's allowed third parties to place cookies capturing activities on the Peet's website); *id.* ¶¶ 20–21 (alleging that third-party cookies are set by third parties and can transmit certain information to those third parties); *id.* ¶ 34 (alleging that third parties can obtain data about website visitors' interactions with the Peet's website via third-party cookies); *id.* ¶ 35 (alleging that third-party cookies "cause the Third Parties to track and collect data on users' behaviors and communications . . . *on the Website*" (emphasis added)).)

*Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (plaintiffs alleged that *defendant* created "cradle-to-grave" profiles of website visitors); *In re Facebook, Inc. Consumer Priv. User Profil Litig.*, 402 F. Supp. 3d at 786-87 (plaintiffs alleged that *defendant* made sensitive information like photographs, videos, likes, and private one-on-one messages "widely available to third parties in a variety of ways"); *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 867 (N.D. Cal. 2025) (plaintiff alleged that *defendant* allegedly disclosed plaintiff's *health-related* browsing activity after plaintiff rejected cookies). Here, Plaintiff claims only that his search for local menu offerings and zip code were disclosed and third parties aggregated data.

***Finally,*** Plaintiff mentions in passing that his unjust enrichment claim supports standing. But, as discussed in Peet's motion, Plaintiff fails to allege (1) any of his personal information was disclosed to Peet's, let alone to any third party, or (2) Peet's retained an economic benefit. (ECF No. 18 ("Mot.") at 22). This deficient claim cannot support standing and Plaintiff fails to cite any case law to rebut Peet's argument, thereby conceding the same.

### B. Plaintiff Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard

Plaintiff does not dispute that each of his claims are subject to Rule 9(b)'s heightened pleading standard, (*see* Opp. at 10-11), so the issue is conceded. *See Pernell*, 650 F. Supp. 3d at 933. Instead, Plaintiff contends only that he has adequately pleaded the "when" of his interactions with the website by alleging that he visited "on one or more occasions during the last four years, including in or around, August 2025." (Compl. ¶ 105.) But at a minimum, Plaintiff must "provide the year *of any given visit*." *Ortiz*, 2026 WL 1430720, at *8 (emphasis added). Plaintiff does not limit his allegations to the single visit for which he provides a timeframe. Instead, he leaves Peet's to guess when he interacted with the banner and purportedly searched for any information on the website over a four-year timespan.

Plaintiff's lack of specificity as to when the purported "fraud" occurred, coupled with Plaintiff's failure to plead the "what" of his interactions with the website, raise significant notice issues. Plaintiff argues that Rule 9(b) permits relaxed pleading when essential information is in the opposing party's control. (Opp. at 11 (citing *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988)).) But the information about when he visited the website is in Plaintiff's and not Peet's

control. In any event, *Blake*, does not support Plaintiff's proposition. The *Blake* plaintiff alleged, "in nineteen separate paragraphs, the date of each of the[] publications [at issue], specific descriptions of the representations made, the reasons for their falsity, and, where possible, the role of the individual defendants in preparation and dissemination." *Blake*, 856 F.2d at 1369. Plaintiff's allegations do not come close to this level of specificity and do not satisfy the "relaxed" standard he suggests that *Blake* supports. Unlike *Blake*, Peet's cannot assess the website's representations, configuration, and functionality at the time Plaintiff allegedly interacted with the website.

Without knowing when each of Plaintiff's visits occurred, the configurations at the time of the visit, and what information was allegedly disclosed during each visit, Plaintiff fails to meet Rule 9(b)'s heightened pleading standard. The Complaint should be dismissed in its entirety.

### C. Plaintiff Fails to State His Claims

#### i. Plaintiff does not identify the requisite highly offensive intrusion to state his invasion of privacy and intrusion upon seclusion claims.

Plaintiff's privacy claims fail because he does not allege a highly offensive intrusion, for the same reasons this Court articulated in *Ortiz*. Plaintiff does not address the Court's holding in *Ortiz* in his response and instead attempts to analogize to distinguishable cases involving sensitive information and defendants (not mere website hosts) that allegedly tracked plaintiffs' activity across the internet to create profiles. (*See* Opp. at 12-13).

Plaintiff's invasion of privacy claim is just like the one asserted in *Ortiz*, except that it involves even more innocuous information. Plaintiff alleges only his interactions with the Peet's website—at most, his zip code and interest in cold brew—were disclosed. (*See* Compl. ¶ 107). Nowhere does Plaintiff claim that *Peet's* collected or disclosed his "sensitive browsing histor[y] and habits," *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 604; "a list of every Web site [he] had visited in the last week, or month, or year," *United States v. Jones*, 565 U.S. 400, 418 (2012) (Sotomayor, J., concurring); his offline activity, *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023); or personal data from his smartphone, *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022). Nor does he allege that *Peet's* "compil[ed] disparate pieces of information about [him] into a single dossier." *Brooks v. Thomson Reuters Corp.*, No. 21-

CV-01418-EMC, 2021 WL 3621837, at *9 (N.D. Cal. Aug. 16, 2021).

By contrast, courts—including this one—have held a defendant allegedly disclosing information about a visitor's basic browsing activity *on its own website*, regardless of whether there were purported representations to the contrary, is not an egregious breach of social norms. For example, the plaintiff in *Garcia*, like Plaintiff, alleged that "third-party cookies were placed on users' devices even when they selected the 'required-only' cookie option." 2026 WL 925028, at *1. The court nevertheless held this misrepresentation, standing alone, did not meet the high bar for offensiveness, emphasizing the limited nature of the data at issue (the defendant sold gift cards) was not " embarrassing, invasive, or otherwise private information." *Id.* at *5 (citation omitted) (dismissing on standing grounds). In *In re Google, Inc. Privacy Policy Litig.*, the court held defendant's alleged disclosure of users' "personal identifying information, browsing habits, search queries, responsiveness to ads, demographic information, and declared preferences"—far more extensive and sensitive information than Plaintiff asserts here—to third parties, notwithstanding its own privacy policies, was not highly offensive. 58 F. Supp. 3d 968, 973, 987-88 (N.D. Cal. 2014). Most recently, this Court reaffirmed the same principle: "[w]here a company tracks limited information on its own website and discloses it to third parties, courts in this district have found that the intrusion does not meet the 'high bar' to be highly offensive" even where the plaintiff's allegations involve a misrepresentation. *Ortiz*, 2026 WL 1430720, at *4.[3] Plaintiff's claim here fails for the same reason.

**ii. Plaintiff's CIPA Section 631 claim fails.**

In its moving brief, Peet's explained that Plaintiff failed to specify the "contents" of any communication *he* had with the website were intercepted and read "in transit" as required to state his Section 631 claim. (Mot. at 14-15.) Plaintiff's opposition fails to address this deficiency in his pleadings. Instead, Plaintiff asserts he "need not allege that contents were read in transit." (Opp. at 14 (cleaned up).) This is incorrect. Section 631(a) makes it unlawful to "willfully and without the

[3] Just as the plaintiffs argued in *Ortiz*, Plaintiff argues whether an intrusion is highly offensive is a fact question that cannot be resolved at the pleading stage. (Opp. at 13.) This Court, however, resolved this very question as a matter of law at the pleading stage in *Ortiz*. 2026 WL 1430720, at *4.

consent of all parties to the communication, . . . read[], or attempt[] to read, or to learn the *contents* or meaning of any message, report, or communication while the same is *in transit*." Cal. Pen. Code § 631(a) (emphasis added). Section 631's plain language is fatal to Plaintiff's claim.

Plaintiff fails to sufficiently plead any "contents of a communication" that were purportedly intercepted. Plaintiff argues he "explicitly alleged interception of 'contents,' including search terms." (Opp. at 14.) But Plaintiff cites no allegation identifying any action *he* took on the website that could support an inference that the "contents" of his communications were intercepted—because there is none. Each of his citations to the Complaint are to general allegations related to the information he alleges the third-party cookies collected (Compl. ¶¶ 21, 23, 31, 34, 157-59), the fact the website contains a search bar (*id.* ¶ 37), and his allegations the third-party cookies *could* collect the information users input in the search bar *if* users used the search bar (*id.* ¶¶ 38-40). (*See* Opp. at 14.) In support of his position that his allegations are sufficient, Plaintiff cites several cases which hold that search terms can constitute contents under Section 631(a). (*Id.* (citing cases).) But Plaintiff does not allege he used the search bar. Plaintiff alleges he "entered his zip code" "into the Website's text field" to locate Peet's café locations near him. (Compl. ¶ 107.) That is the kind of "record" information courts have repeatedly held is not the "contents" of a communication. *See, e.g., Byars v. Tire*, 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) (holding the plaintiff does not need to allege the "exact communications" with the defendant but does need "to show that the contents were not *record information, such as her name and address*" (emphasis added)).

Further, contrary to Plaintiff's assertions otherwise, Peet's does not argue that Plaintiff must "plead the exact communications [he] had with the website[]" to support his claim. (*Contra* Opp. at 14.) Defendant merely asserts the standard set forth by courts across this District: Plaintiff must sufficiently allege *he* communicated with the website and that the "contents" of those communications were read in transit. *See, e.g., Ortiz*, 2026 WL 1430720, at * 6 (dismissing the Section 631 claim on the grounds that "[l]isting general categories of information that Plaintiffs allege the cookies are capable of collecting (without alleging such information was actually collected) does not suffice"); *D'Antonio v. Smith & Wesson Inc.*, 820 F. Supp. 3d 928, 936 (N.D. Cal. 2026) ("They do not allege that, in interacting with [the defendant's] website, they personally

engaged in any communications with the website whose content could have been intercepted."); *Wiley v. Universal Music Grp., Inc.*, No. 25-CV-03095-PCP, 2025 WL 3654085, at *7 (N.D. Cal. Dec. 17, 2025) ("The problem with plaintiffs' [Section 631] wiretapping claim, however, is that plaintiffs do not specifically allege that *their* communications were intercepted by any third parties."); *Walsh*, 2025 WL 2939229, at *17 ("Plaintiffs have not sufficiently alleged that the 'contents' of [his] communications, as opposed to mere record information, were read or learned or that 'information so obtained' was used or communicated."); *Benjamin Paul de Aryo, et al. v. Inspire Brands, Inc.*, No. 25-cv-03645-AGT, 2026 WL 1653483, at *6 (N.D. Cal. June 8, 2026) ("In the absence of any allegation that plaintiffs themselves interacted with the websites in a manner that involved communications whose contents could have been intercepted, they fail to plead the elements of a valid wiretapping claim."). Plaintiff has failed to do so.

Plaintiff also fails to refute the premise that Peet's explained in its moving brief: conclusory allegations that "data was collected in real time and stored for later use" fails to satisfy Plaintiff's burden under Section 631 to allege the contents of his communications with the website were read while they were *in transit*. (Mot. at 16 (collecting cases).) Plaintiff asserts that he does not need to allege the "contents" of his communications were intercepted "in transit" because he alleged "they were captured in real time but stored for later use" and because he "alleged that the highly technical nature of these transmissions and Defendant's false representations about them render the question of exactly what was read and when an issue uniquely within the control of Defendant." (Opp. at 15.) The case Plaintiff cites in support is inapposite. In *D'Angelo v. Penny Opco*, plaintiff alleged their chats with defendant on its website were unlawfully intercepted by a third party while they were in transit because the website's chat feature operated through the third party's servers, requiring the messages to pass through the third party before, or at the same time as, they were received by the defendant. No. 23-cv-0981-BAS-DDL, 2023 WL 7006793, at *8 (S.D. Cal. Oct. 24, 2023).

Plaintiff merely states the "data was collected in real time *and stored for later use*." (Opp. at 15 (emphasis added).) That is precisely the type of allegation the Ninth Circuit has repeatedly held does not constitute an "interception in transit." *See Konop v. Hawaiian Airlines, Inc.*, 302 F. 3d 868, 878 (9th Cir. 2002) (holding a wiretap violation requires contents of the communication to

have been "acquired during transmission, not while it is in electronic storage"); *Boulton v. Community.com, Inc.*, No. 23-3145, 2025 WL 314813, at *1 (9th Cir. Jan. 28, 2025) (affirming dismissal with prejudice of Section 631 claim "because [defendant] could only have accessed [the contents of communication] while it was in electronic storage").[4] Here, because Plaintiff fails to provide any information regarding the purported use of his data while it was *in transit*, the claim fails. *See Ortiz v. Deckers Outdoor Corp.*, No. 25-cv-09631-FRL, 2026 WL 1243675, at * 3 (N.D. Cal. May 6, 2026) (dismissing Section 631 claim where "[t]he complaint contains only conclusory allegations that [the defendant's] websites tracked and collected users' data in real time").

Finally, Plaintiff fails to address the deficiencies of his allegations regarding Peet's intent to allow the purported malfunction of the cookie banner. Plaintiff argues that "CIPA does not require Plaintiff to prove intent at the pleadings stage." (Opp. at 17.) But regardless of whether Federal Rule of Civil Procedure 8 or 9 applies, Plaintiff must allege facts sufficient to plausibly support his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). He fails to do so. Plaintiff's allegations that Peet's "*failed to prevent* cookies from being transmitted to Third Parties" (Compl. ¶ 31 (emphasis added)) conflicts with Section 631's requirement that Peet's *intentionally aid* third parties in wiretapping. Plaintiff's own allegations do not reasonably suggest Peet's willfully aided and abetted third parties in collecting Plaintiff's data.

**iii. Plaintiff's Section 638.51 claim fails**

**1. The pen register statute does not apply to Plaintiff's claims.**[5]

"When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other

---

[4] The principles set forth in *Konop* hold true across all cases: the court requires interception in transit and expressly rejects any notion that storage, even for a brief time, could constitute an interception in transit.

[5] Peet's acknowledges that the Court reached a contrary conclusion in *Ortiz*. 2026 WL 1430720, at *6-8. Peet's respectfully maintains that the statute does not apply and, to the extent the Court holds it does apply, Plaintiff consented to Peet's collection of his data as argued in subsection (iii)(2) below, which was not addressed in the Court's prior order.

jurisdictions, statutes, treatises, and restatements as guidance." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) (cleaned up; citations omitted). As explained in Peet's moving brief, the California Supreme Court has not addressed the issue of whether Section 638.51 applies in this context, nor have any of the California Courts of Appeal.[6] Numerous California trial courts have, however, interpreted the intent of the California legislature and addressed the issue, holding Section 638.51 *does not* apply in this context. (*See* Mot. at 18-19 (collecting cases).) Since then, additional cases have held the same. *See* Straus Decl., Ex. L, *Brian Blaker v. Netscout Systems, Inc.*, No. 25STCV31283, at *7 (Cal. Super. May 27, 2026) ("applying the ordinary rules of statutory construction and considering both the structural context of Penal Code section 638.51 and the legislative history, the Court concludes that this statute applies to telephonic communications and not to software on a commercial website"). Plaintiff cites contrary authority that Peet's acknowledged exists but otherwise fails to address the substance of the arguments raised in the California state court cases, arguing only the cases should not be considered at all because they are unpublished opinions. (Opp. at 19-20). These unpublished decisions, however, are the only available state-level authority interpreting Section 638.51 in this context and the Court itself cited to some of the relevant decisions in its ruling in *Ortiz*, 2026 WL 1430720, at *6.

In contrast to the cases Plaintiff cites, Peet's argues that the correct analysis is the one found in California trial court orders, which look to the other sections of the statute and California law, interpreting the legislative intent to limit the application of Section 638.51 to telephone lines. For example, in *Balabbo v. Wildflower Brands, LLC*, the court considered the California Consumer Privacy Act ("CCPA") Cal. Civ. Code §§ 1798.100, *et seq.*, concluding these provisions governed and allowed conduct similar to that alleged by Plaintiff and that the legislature's enactment of the CCPA "does not infer a legislative intent to criminalize the very process of recording or capturing information under the CIPA when that process is permitted under detailed circumstances under the CCPA." No. 25STCV20971, 2026 WL 1122773, at *8 (Cal. Super. April 6, 2026); *see also*

[6] As stated in Peet's moving brief, the issue is currently pending before the California Courts of Appeal in *Variety Media, LLC v. Superior Court* (2d Dist.) and *Reuters News & Media, Inc. v. Superior Court* (6th Dist.). (Mot. at 19 n.5.) Peet's reserves all rights with respect to the pending appeals.

*Rodriguez v. Ink Am. Int'l Grp. LLC*, No. 2STCV15350, 2025 WL 4034985, at *2-3 (Cal. Super. Ct. Jan. 28, 2025) (applying similar analysis to conclude Section 638.51 does not apply).

At the very least there is ambiguity in the language of Section 638.51, entitling Defendant to lenity in the statute's application and dismissal of Plaintiff's claim. (Mot. at 19 (collecting cases).)

**2. Plaintiff consented to the recording of his IP address and basic device metadata.**

Peet's argues that Plaintiff consented to Peet's collecting his IP address and basic device metadata and Section 638.51 does not regulate the sharing of data after it is recorded. (*See* Mot. at 19-20.) In response, Plaintiff asserts that "the gravamen of [his] Complaint is not that the Website accessed his IP address, but that it did so and then transmitted it[.]" (Opp. at 20-21.) The only relevant case Plaintiff cites in support of his argument is *Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924 (N.D. Cal. 2024). *Shah*, however, distinguished cases "involv[ing] situations where users were directly communicating with the party alleged to be operating the pen register and voluntarily sent that party their IP address." *Id.* at 932 n.3. But that is what Plaintiff alleges. Based on Plaintiff's allegations and the scope of Section 638.51, the question is only whether Plaintiff consented to the website collecting his IP address and basic device metadata. That answer is yes.

Plaintiff is trying to fit his theory into a midcentury statute that does not address the type of technology or facts at issue. The allegations do not fit the statute, and if they do, he consented to the website, as he alleges, collecting his IP address and basic device metadata by visiting the website.

**iv. Plaintiff fails to state a claim for common law fraud, deceit, and/or misrepresentation.**

Plaintiff fails to plead the elements of his common law fraud claim for two reasons.

***First,*** Plaintiff fails to adequately plead damages. Plaintiff advances two theories—diminution in value of his personal information and loss of his property right to control the dissemination of that information—but does not plausibly allege either. Plaintiff fails to engage with the core defect underlying both of his damages theories: he does not plausibly allege any of his personally identifiable information or private communications were actually disclosed. Plaintiff's conclusory assertions that the value of his information was diminished or he lost control over it say

nothing about *how* Peet's' alleged conduct harmed him or *what* damage Plaintiff sustained as a result of the purported disclosure of his search for cold brew and zip code. Moreover, specific to his diminution-in-value theory, Plaintiff argues he need not allege he would either sell his data or pay to protect it. (Opp. at 22.) This is inconsistent with well-established case law in this District. *See, e.g.*, *Walsh v. Dollar Tree Stores, Inc.*, No. 25-cv-01601-SVK, 2025 WL 2939229, at *19-20 (N.D. Cal. Oct. 16, 2025) (dismissing fraud claim based on similar allegations for failing to plausibly allege "actual damages"); *see also Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *9 (N.D. Cal. July 1, 2024) (dismissing plaintiffs' consumer protection claims absent "facts explaining *how* Defendants' collection and use of their information reduces the value of that information"). These principles apply with equal force here.

***Second***, Plaintiff fails to plead the requisite scienter. Although Rule 9(b) "do[es] not apply to allegations of knowledge or intent," Plaintiff must allege *some* facts that make it plausible that Peet's made a knowingly false statement. *See DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *8 (N.D. Cal. Jan. 28, 2011) ("While the heightened pleading requirements of Rule 9(b) do not apply to allegations of knowledge or intent, Plaintiffs must still plead facts establishing scienter with the plausibility required under Rule 8(a)." (citation omitted)); *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 n.5 (9th Cir. 2014) ("[A]lthough the language of Rule 9 poses no barrier in itself to general pleading of fraudulent intent, *Twombly* and *Iqbal*'s pleading standards must still be applied to test complaints that contain claims of fraud."). Plaintiff's bare assertion that Peet's "programmed its Website to allow third-party cookies and tracking and so 'knew, or should have known, how the Website functioned'" does not plausibly allege Peet's made a knowing misrepresentation in its cookie banner. (*See* Opp. at 23.)

**v. Plaintiff fails to state a claim for unjust enrichment.**

Plaintiff's opposition does not save his unjust enrichment claim. As argued in Peet's motion, Plaintiff's unjust enrichment claims fails for three reasons: (1) he does not allege that any of his personal information was disclosed to Peet's, let alone to any third party; (2) he does not allege that Peet's retained any economic benefit; and (3) the claim is duplicative of his fraud claim. (Mot. at 22-23); *see Doe I v. Google LLC*, 741 F. Supp. 3d 828, 848-49 (N.D. Cal. 2024) (requiring a showing

that a defendant "has been unjustly conferred a benefit through mistake, fraud, coercion, or request" (citation omitted)). Each failure is independently dispositive.

***First***, Plaintiff does not respond to Peet's argument he failed to allege any disclosure of *his* personal information to Peet's or any third party. (*Compare* Mot. at 22 *with* Opp. at 24.) Regardless of any interaction with the cookie banner, the basis of Plaintiff's unjust enrichment claim is that Peet's derived a benefit from his personal information. (*See* Compl. ¶ 192 ("Plaintiff['s] . . . Private Communications have conferred an economic benefit on Defendant.").) Absent any allegation that such personal information was actually disclosed, his claim cannot survive.

***Second,*** Plaintiff must offer more than a conclusory allegation of a purported benefit to Peet's. For this reason, the Court recently dismissed a nearly identical unjust enrichment claim in *Ortiz* for failing to allege "non-conclusory allegations of the benefit Defendant received from placing third-party cookies." 2026 WL 1430720, at *9. The same result should follow here. Like in *Ortiz*, Plaintiff alleges Peet's allowed third parties to collect data from visitors to its website after he allegedly disabled third-party cookies. (Compl. ¶ 4.) Critically, like in *Ortiz*, Plaintiff alleges those third parties—not Peet's—"analyze and aggregate this user data across websites and time for their own purposes and financial gain, including creating consumer profiles" and "perform[] targeted advertising and marketing analytics." (*Id.* ¶ 5.) As the Court held, "this indicates, at most, that third-parties benefited from the data collection, not that [Peet's] did, and it does not describe what, if anything, [Peet's] obtained in exchange." *Ortiz*, 2026 WL 1430720, at *9.

***Finally,*** Plaintiff does not dispute his unjust enrichment claim is duplicative of his common law fraud claim or he has an adequate remedy at law, so these points are conceded. *See Pernell*, 650 F. Supp. 3d at 933; (Mot. at 23; Opp. at 24). The existence of an adequate remedy at law—damages—is dispositive. *See Hubbard*, 2024 WL 3302066, at *4 ("To obtain any equitable relief in federal court, a plaintiff must allege that they lack an adequate remedy at law."); *Hughes v. Apple, Inc.*, No. 22-CV-07668-VC, 2024 WL 4828072, at *6 (N.D. Cal. Nov. 18, 2024) (same).

**D. Alternatively, the Court should dismiss Plaintiff's nationwide allegations.**

Should the Court allow any of Plaintiff's claims to proceed, Peet's does not ask that the Court at this time evaluate whether Plaintiff would be able to certify a class under Federal Rule of

Civil Procedure 23. (*Contra* Opp. at 25.) Peet's requests that the Court apply a choice of law analysis and dismiss the nationwide class, just as it has done in similarly situated cases. *See James v. Walt Disney*, 701 F. Supp. 3d 942, 964 (N.D. Cal. 2023) (granting defendant's motion for relief from nationwide class allegations in website pixel case at the pleading stage because the purported injury occurred in the state the class member accessed the website, explaining "Plaintiffs' contention that Disney should have brought a motion to strike and not a motion to dismiss does not have much practical significance" and CIPA is materially different from wiretap statutes in other states).

Peet's does not challenge the nationwide class based on Plaintiff's domicile, as Plaintiff contends. (*Contra* Opp. at 25.) Rather, as the Court noted in *James*, Peet's seeks to dismiss the nationwide class because (1) Plaintiff alleges the location in which any putative class member is injured is the place where they accessed the Peet's website, and (2) each state has its own interest in "protecting it[s] citizens and in regulating [the website in conjunction with its own standards.]" *Mazza v. Am. Honda Motor Co.*, 666 F. 3d 581, 594 (9th Cir. 2012).[7]

Plaintiff's citations in opposition fail to address these issues. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 34 n.7 (2017) (stating the standard that "[a]n order striking class allegations is functionally equivalent to an order denying class certification and therefore appealable under Rule 23(f)" where the district court had struck *all* class allegations) (cleaned up); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007) (holding it was premature to strike the class claims before discovery where the defendant claimed the class definition was not sufficiently definite); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011) (declining to strike the class claims where the defendant moved to strike on the grounds "the putative class [was] not ascertainable, [the named plaintiff was] not a typical or adequate class representative, and the class allegations raise multiple individualized issues"). The nationwide allegations are improper.

## III. CONCLUSION

[7] Plaintiff incorrectly states that Defendant cannot rely on *Mazza* due to the Ninth Circuit's decision in *Olean Wholesale Grocery Coop, Inc. v. Bumble Bee Foods LLC*, 31 F. 4th 651 (9th Cir. 2022). In *Olean*, the Ninth Circuit overruled *Mazza* to the extent it prevented certification of a class seeking equitable and injunctive relief where some members lacked Article III standing. That issue is unrelated to Defendant's argument here.

For the reasons discussed above and in its moving brief, Peet's Coffee respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint. Alternatively, Peet's requests that the Court dismiss the nationwide class allegations.

Dated: June 18, 2026

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Rachel A. Straus*
Rachel A. Straus
Elisabeth A. Hutchinson
Megan Moran

Attorneys for Defendant
Peet's Coffee, Inc.